NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | : | CIVIL ACTION NO. 14-4600 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| JOHN R. VANSTONE, et al., | : | |
| Defendants. | : | |

**THE PLAINTIFF BANK** brought this foreclosure action in state court. (See dkt. entry no. 1-1, Compl.) The plaintiff listed four defendants: (1) John R. Vanstone; (2) Mrs. John R. Vanstone, spouse of John R. Vanstone; (3) Midland Funding, LLC ("MFLLC"); and (4) Mortgage Electronic Registration Systems, Inc., as nominee for American Brokers Conduit ("MERS"). (Id.) John R. Vanstone alone removed this action to this Court based on subject-matter jurisdiction pursuant to 28 U.S.C. § ("Section") 1332(a). (See dkt. entry no. 1, Notice of Removal at 3-4.) John R. Vanstone alleges that he is a New Jersey citizen, and then alleges without supporting documentation that: (1) the "Plaintiff is a citizen of New York"; (2) "Mrs. John R. Vanstone is deceased"; (3) MFLLC "is a citizen of California"; and (4) MERS "is a citizen of Virginia". (Id. at 3.) The notice of removal is deficient, and this removal is barred, for several reasons.

**THE REMOVAL** is barred by the forum-defendant rule. Pursuant to the forum-defendant rule, a civil action that would be otherwise removable under Section 1332(a)

may not be removed if any defendant is a citizen of the state in which that action has been brought.  See 28 U.S.C. § 1441(b)(2); see Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005) (stating "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State"); Bor. of W. Mifflin v. Lancaster, 45 F.3d 780, 785 (3d Cir. 1995) (stating "[Section] 1441(b) diversity cases have an additional obstacle to removal: a resident defendant is barred from removing to federal court").  The removal of this action is barred because at least one defendant — John R. Vanstone — is a citizen of the state in which this action was brought, i.e., New Jersey.

    **ASSUMING** that Mrs. John R. Vanstone is indeed deceased, the notice of removal is deficient because it lacks the required allegation as to the citizenship of her estate.  See 28 U.S.C. § 1332(c)(2).

    **MFLLC AND MERS** have not separately consented to removal in writing.  John R. Vanstone had to "obtain the unanimous consent of all defendants before seeking to remove the case to federal court".  Step Plan Servs. v. Koresko, 219 Fed.Appx. 249, 250 (3d Cir. 2007) (explaining rule of unanimity); see also First Am. Title Ins. Corp. v. JP Morgan Chase & Co., 384 Fed.Appx. 64, 66 (3d Cir. 2010) (stating "[r]emoval . . . requires unanimity among defendants").  The removal is barred on this ground.

**THE NOTICE OF REMOVAL** is also deficient because it fails to properly demonstrate the plaintiff's citizenship and the citizenship of MERS, both of which appear to be corporations.  See 28 U.S.C. § 1332(c)(1) (stating corporation is deemed to be citizen of the state of incorporation **and** the state where it has its principal place of business).

**THE NOTICE OF REMOVAL** is also deficient because it fails to properly demonstrate the citizenship of MFLLC, which appears to be a limited liability company. Limited liability companies are unincorporated associations that are deemed to be citizens of the states in which all of their members are citizens, not the states in which they (1) were formed, and (2) have their principal places of business.  Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418-20 (3d Cir. 2010).  The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship. Id. at 420.  The name and citizenship of each member must be specifically alleged.  See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly").[1]

---

[1] It seems likely that if John R. Vanstone had properly analyzed the citizenship of all of the parties, then he would have found that the plaintiff and at least one defendant — perhaps MFLLC or MERS — are deemed to be citizens of the same state.  See Caribbean Telecomms. v. Guy. Tel. & Tel. Co., 594 F.Supp.2d 522, 530 (D.N.J. 2009) (stating Section 1332 does not permit a party to select among the multiple "jurisdictional citizenships" of an entity in order to preserve or defeat the diversity-of-citizenship requirement); see also Lincoln Prop. Co., 546 U.S. at 89 (requiring complete diversity between each plaintiff and each defendant).

**THE COURT** will therefore remand the action to state court.  The Court will issue an appropriate order and judgment.[2]

 s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:**  July 23, 2014

---

[2]  Subject-matter jurisdiction pursuant to Section 1331 — although not asserted by John R. Vanstone in support of removal — is also lacking.  See Bank of N.Y. Mellon Trust Co., Nat'l Ass'n v. Poczobut, No. 13–3303, 2013 WL 4012561, at *2 (D.N.J. Aug. 5, 2013) (remanding foreclosure action for, inter alia, lack of Section 1331 jurisdiction because (1) plaintiff bank asserted no federal claims, and (2) an adjudication that would involve either federal issues raised outside of the complaint or federal defenses does not give rise to jurisdiction); see also Vaden v. Discover Bank, 556 U.S. 49, 60-61 (2009) (stating "it would undermine the clarity and simplicity of . . . [the well-pleaded complaint] rule if federal courts were obliged to consider the contents not only of the complaint but also of responsive pleadings").